1  Steven R. Blackburn, Esq., State Bar No. 154797
   Rachel S. Hulst, Esq., State Bar No. 197330
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   Email: sblackburn@ebglaw.com
5  Email: rhulst@ebglaw.com

6  Attorneys for Defendant,
   BARNES GROUP INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 JOHN GALBRAITH,                    CASE NO.
                                      C 07 4376
13            Plaintiff,              STATE COURT CASE NO:
                                      RG 07-336397
14    v.                             (Superior Court of California,
                                      County of Alameda)
15 BARNES GROUP, INC., a Delaware
   corporation, and DOES 1-50,        DEFENDANT'S NOTICE OF REMOVAL
16                                    OF ACTION UNDER 28 U.S.C. § 1441
              Defendants.             (DIVERSITY)
17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19       PLEASE TAKE NOTICE that Defendant Barnes Group Inc. ("Barnes") hereby removes

20 to this Court the state court action described below.

21       1.    On July 19, 2007, this action was commenced in the Superior Court in and for

22 the County of Alameda entitled John Galbraith v. Barnes Group Inc., a Delaware corporation,

23 designated as Case No. RG 07-3363975.

24       2.    Plaintiff's Complaint contains three causes of action: (1) disparate treatment age

25 discrimination in violation of FEHA [Cal. Gov. Code § 12940 et seq.]; (2) disparate impact age

26 discrimination in violation of FEHA [Cal. Gov. Code § 12940 et. seq.]; and (3) unfair

27 competition-unfair and unlawful business practices [Business & Professions Code § 17200].

28 On July 25, 2007, Plaintiff served the Summons and Complaint on Barnes' agent for service of

process via certified mail.  A true and correct copy of the Summons, Complaint, service of process transmittal form and all papers served therewith, are attached hereto as Exhibit A.  On or about August 23, 2007, Defendant Barnes filed an Answer to the Complaint in Alameda Superior Court; a true and correct copy of that Answer is attached hereto as Exhibit B.  Barnes is informed and believes, and thereon alleges, that other than the pleadings attached to this Notice of Removal, there have been no further pleadings, process, or orders filed in this action.

3.      Consistent with the allegations of the Complaint, Defendant Barnes is informed and believes that Plaintiff John Galbraith is now, and was at the time this lawsuit was filed, a citizen of the State of California, residing in a county in the State of California.  Complaint, ¶ 3.

4.      Defendant Barnes is now, and was at the time this lawsuit was filed, a citizen of the States of Delaware and Connecticut, incorporated under the laws of the State of Delaware, and having its principal place of business in Bristol, Connecticut. Complaint, ¶ 4.  Accordingly, Barnes is not a citizen of the state of California, where the state court action is pending.  Barnes is the only defendant named in this action.

5.      While the Complaint does not specify the amount of damages Plaintiff seeks, Defendant is informed and believes and thereon alleges that the amount in controversy exceeds $75,000.00.  In his Complaint, Plaintiff alleges that he suffered economic damages for loss of income, loss of earning capacity, and loss of employment benefits.  In addition, he seeks mental and emotional distress damages, punitive damages of an amount that "would be appropriate to punish or set an example of Barnes Group" and recovery of attorneys' fees. He also seeks injunctive relief that could result in additional costs to Barnes if relief is granted.

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Barnes pursuant to provisions of 28 U.S.C. § 1441(b), because this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.      Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(b), because Plaintiff's state court

- 2 -

1  Complaint was filed in a California Superior Court within this District and this is the judicial

2  district in which the action arose. 28 U.S.C. § 84.

3        WHEREFORE Defendant Barnes prays that the above-referenced action be removed

4  from Alameda County Superior Court to this Court.

5  DATED: August 24, 2007                         EPSTEIN BECKER & GREEN, P.C.

6

7                                                 By: _____

8                                                      Steven R. Blackburn
                                                       Rachel S. Hulst
9                                                    Attorneys for Defendant
                                                    BARNES GROUP INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BARNES GROUP, INC., a Delaware Corporation, and DOES 1-50

F I L E D
ALAMEDA COUNTY

JUL 1 9 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN GALBRAITH, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*

CASE NUMBER:
*(Número del Caso)* 07 - 336397

Alameda County Superior Court, 1225 Fallon St., Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es).*
Brownstein Thomas, LLP, Mark C. Thomas (SBN 215580)
220 Montgomery St., Suite 876, San Francisco, CA 94104

PAT S. SWEETEN

DATE:          JUL 1 9 2007          Clerk, by  Dorothy L. Lee  , Deputy
*(Fecha)*                           *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com



*5716266*

1  BROWNSTEIN THOMAS, LLP
   MARK C. THOMAS SBN: 215580
2  220 Montgomery Street, Suite 876
   San Francisco, CA 94104
3  Telephone: 415-951-4878
   Facsimile: 415-951-4885
4
   Attorneys for Plaintiff
5  John Galbraith

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF ALAMEDA            **BY FAX**

10             UNLIMITED JURISDICTION

11                                  Case No. RG 07 - 336397

12  JOHN GALBRAITH, an individual,   **COMPLAINT FOR DISPARATE
                                      TREATMENT AGE DISCRIMINATION**
13          Plaintiff,               **(Gov't Code §§ 12940 et seq); DISPARATE
                                      IMPACT AGE DISCRIMINATION (Gov't**
14    vs.                            **Code §§ 12940 et seq.); UNFAIR AND
                                      UNLAWFUL BUSINESS PRACTICES**
15  BARNES GROUP, INC., a Delaware   **(Bus. & Prof. Code. §§ 17200, et seq.)**
    Corporation, and DOES 1-50,
16          Defendants               **DEMAND FOR JURY TRIAL**

17

18         Plaintiff John Galbraith (hereinafter "Plaintiff" or "Galbraith"), an individual, through

19  his attorneys of record, hereby alleges and complains on information and belief as follows:

20                        **JURISDICTION AND VENUE**

21         1.    The Alameda County Superior Court has jurisdiction in this matter due

22  to the alleged violations of the California Government Code, and Business & Professions

23  Code, and because the wrongful acts alleged against defendants occurred in the state of

24  California.

25         2.    Venue as to each defendant is proper in this judicial district, pursuant to

26  California Code of Civil Procedure Sections 395(a) and 395.5, and Business & Professions

27  Code Section 17203. Each defendant either maintains an office, transacts business, has an

28

1   agent, or is found in the County of Alameda, and each defendant is within the jurisdiction of

2   this Court for the purposes of service of process.

3   **PARTIES**

4          3.      Galbraith is an individual over the age of eighteen (18) and is now, and

5   at all times mentioned in this Complaint, was a resident of California.

6          4.      Defendant Barnes Group Inc. (hereinafter "Barnes Group") is a

7   Delaware corporation authorized to conduct business in California.

8          5.      Plaintiff is ignorant of the true names and capacities of defendants sued

9   herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff

10  will amend this Complaint to allege their true names and capacities when ascertained.

11  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named

12  defendants is in some manner responsible in some manner for the occurrences herein alleged

13  and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned

14  defendants.

15         6.      At all relevant times each of the defendants was the agent, employee,

16  partner, joint venturer, of each of the remaining defendants, in doing the things hereinafter

17  alleged they were acting within the course and scope of such agency, employment,

18  partnership, and joint venture, and, they authorized, ratified, aided, abetted, encouraged, and

19  counseled the doing of the things hereinafter alleged.

20  **GENERAL ALLEGATIONS**

21         7.      Galbraith started his career with Barnes Group in May of 1986.

22  Although he had different titles throughout his career, Galbraith's role was an outside sales

23  person. His primary job duties were to sell Barnes Group's products to customers in his

24  territory. Galbraith was an excellent sales representative. He was frequently one of the top

25  sales persons in his territory.

26         8.      In or around 2004, Barnes Group changed its compensation plan for

27  Sales Representatives. Under the previous compensation plan, Sales Representatives were

28  paid solely on commissions. Barnes Group changed the compensation plan to pay new Sale

1   Representatives on a salary basis with an opportunity to earn a bonus. Generally speaking,

2   Sales Representatives paid on the new salary compensation plan earned less that Sales

3   Representatives who were on commission compensation plan.

4         9.    To reduce costs, the Barnes Group adopted a practice and policy of

5   terminating employees who were on the commission plan. This practice and policy had a

6   disproportionate impact on older workers because most of the older workers were on the

7   commission plan.

8         10.   On or around July 31, 2006, after over twenty (20) years of service,

9   Galbraith was terminated. The Barnes Group's alleged reason for terminating Galbraith was

10  that he was improperly competing with the Barnes Group. The Barnes Group's reason for

11  terminating Galbraith, however, was nothing more than a pretext to discriminate against

12  Galbraith because of his age.

13        11.   As a result of Defendant's unlawful employment practices, Galbraith

14  has suffered and will continue to suffer loss of income, loss of earning capacity, loss of

15  employment benefits, mental and emotional distress, and other damages in an amount

16  according to proof.

17        12.   Galbraith has exhausted all administrative prerequisites to filing this

18  lawsuit. A true and correct copy of the right to sue is attached hereto as Exhibit A.

19                        **FIRST CAUSE OF ACTION**

20                        **DISPARATE TREATMENT**

21           **AGE DISCRIMINATION IN VIOLATION OF FEHA**

22                  **(Government Code § 12940 *et seq.*)**

23        13.   Galbraith incorporates herein each of the foregoing paragraphs as

24  though fully set forth herein.

25        14.   At all relevant times, Galbraith was over forty (40) years old and a

26  member of a protected class as defined by the FEHA.

27        15.   Galbraith was competently performing his duties as a as a Sales

28  Representative. Nevertheless, Galbraith was terminated because of his age.

16.     As a result of Defendant's unlawful employment practices, Galbraith has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

17.     In discriminating against Galbraith as described herein, Barnes Group acted with oppression, fraud and malice, in conscious derogation of Galbraith's rights under applicable law. Galbraith is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Barnes Group.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

## DISPARATE IMPACT

## AGE DISCRIMINATION IN VIOLATION OF FEHA

### (Government Code § 12940 *et seq.*)

18.     Galbraith incorporates herein each of the foregoing paragraphs as though fully set forth herein.

19.     At all relevant times, Galbraith was over forty (40) years old and a member of a protected class as defined by the FEHA.

20.     In or around 2004, Barnes Group changed its compensation plan for Sales Representatives. Under the previous compensation plan, Sales Representatives who were paid solely on commissions. Barnes Group changed the compensation plan to place new Sale Representatives on a salary with an opportunity to earn a bonus. Plaintiff is informed and believes and on that basis alleges that Sales Representatives who were on salary earned less than Sales Representatives who were on commission.

21.     To reduce costs, Barnes Group began to terminate employees on the commission compensation plan. Barnes Group's practice and/or policy of terminating employees who were on the commission plan had a disproportionate impact on older workers.

COMPLAINT FOR DAMAGES - 4

22.    Galbraith was harmed by this practice because he was terminated in part because of he was on the commission compensation plan.  Defendant's practices were a substantial factor in causing Plaintiff's injuries.

23.    As a result of Defendant's unlawful employment practice, Galbraith has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

24.    In discriminating against Galbraith as described herein, Barnes Group acted with oppression, fraud and malice, in conscious derogation of Galbraith's rights under applicable law.  Galbraith is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Barnes Group.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES

### (Business & Professions Code § 17200)

25.    Galbraith incorporates herein each of the foregoing paragraphs as though fully set forth herein.

26.    Business & Professions Code § 17200, et seq., the Unfair Competition Law ("UCL"), defines unfair competition to include, inter alia, any unfair or unlawful business act or practice.  The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

27.    During the four years preceding the filing of this complaint, Defendant has committed acts of unfair competition proscribed by Business and Professions Code §17200, et seq., including the practices alleged herein.

28.    As more fully set out above, Defendant has engaged in the following unfair and/or unlawful acts and practices:

(a) Defendant has discriminated against Plaintiff because of his age in violation of California Government Code § 12940 et seq; and

(b) Defendant has adopted a policy and/or practice which has a disproportionate impact against older workers in violation of California Government Code § 12940 *et seq.*

29.   The business acts and practices of Defendant as hereinabove alleged constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said acts and practices violate explicit provisions of the Government Code.  Defendant has obtained a significant competitive advantage, and engaged in unfair competition, through its acts and practices of terminating older employees.

30.   The unfair and unlawful business acts and practices of Defendant described herein present a continuing threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.  Plaintiff requests that such injunction be issued.

31.   Plaintiff further requests an award of attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action, pursuant to Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as set forth below.

## JURY TRIAL DEMAND

32.   Galbraith hereby demands a jury trial with respect to all causes of action set forth herein, and all issues raised hereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendant herein as follows:

1.   Compensatory damages in an amount to be proven at a trial by jury.

2.   Exemplary and punitive damages in an amount sufficient to punish Defendant and make an example out of it.

3.   Plaintiff's taxable costs and expenses of litigation including, but not limited to, attorneys' fees pursuant to statutory and common law.

4.   Injunctive relief.

1  5.  Such other relief as the Court deems just.

2 ///

3

4 DATED: July 19, 2007

               BROWNSTEIN THOMAS, LLP

6               MARK C. THOMAS
7               Attorney for Plaintiff
                John Galbraith

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



May 31, 2007


MARK C. THOMAS
Attorney
BROWNSTEIN THOMAS, LLP
220 Montgomery St. Suite 876
San Francisco, CA 94104

RE:    E200607M1526-00-ac
       GALBRAITH/BARNES DISTRIBUTION, INC.

Dear MARK C. THOMAS:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 29, 2007 because an immediate right-to-sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File


MATT DIEKENS
District Manager
BARNES DISTRIBUTION, INC.
1301 E. 9th Street Ste. 700
Cleveland, OH  44114

P. 1

23 07 05:56a
May. 22. 2007 10:29AM

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200607-M-1526-00-ac

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) MR JOHN GALBRAITH

TELEPHONE NUMBER (INCLUDE AREA CODE) 510-908-5305

ADDRESS 543 W JAUNA Ave Alameoa
COUNTY

COUNTY CODE

CITY/STATE/ZIP SAN LeANDRO CA 94577

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME BARNES DISTRIBUTION

TELEPHONE NUMBER (include Area Code)

DFEH USE ONLY

ADDRESS 1301 E 9th St # 700

CITY/STATE/ZIP Cleveland OHIO 44114
COUNTY

COUNTY CODE

RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (if known) 6,000

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 7/31/06

THE PARTICULARS ARE:

On 7/31/06 I was [X] fired

[ ] denied employment
[ ] denied promotion
[ ] denied transfer
[ ] denied accommodation
[ ] impermissible non-job-related inquiry
[ ] other (specify)

[ ] laid off
[ ] demoted
[ ] harassed
[ ] genetic characteristics testing
[ ] forced to quit

[ ] denied family or medical leave
[ ] denied pregnancy leave
[ ] denied equal pay
[ ] denied right to wear pants
[ ] denied pregnancy accommodation

by MATT DICKENS, DISTRICT MANAGER
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my: [X] sex
[X] age
[ ] religion
[ ] race/color

[ ] national origin/ancestry
[ ] marital status
[ ] sexual orientation
[ ] association

[ ] physical disability
[ ] mental disability

[ ] cancer
[ ] genetic characteristic

[ ] (Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by ~~~~~~~~~~~~~~~~ MATT DICKENS
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

SIDELING/ COMPETING WITH employer

My Age (55)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 5/17/07

At SAN FRANCISCO
City

COMPLAINANT'S SIGNATURE

DATE FILED: May 29, 2007

**RECEIVED**

MAY 2 9 2007

Department of Fair Employment and Housing Oakland District Office

STATE OF CALIFORNIA

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

To: MAP
Sig 7/26/07

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MONIQUE B. MARCHETTI
BARNES GROUP, INC.
123 MAIN STREET
BRISTOL, CT 06010-6307

SOP Transmittal # CA50369

**MONIQUE B. MARCHETTI**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

**JUL 2 6 2007**

Defendant: BARNES GROUP INC.
(Entity Served)

**RECEIVED**

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of    CALIFORNIA    on this  25  day of    July    ,  2007 . The following is a summary of the document(s) received:

1. **Title of Action:** John Galbraith v. Barnes Group, Inc., et al.

2. **Document(s) served:**

   | | | |
   |---|---|---|
   | **X** Summons | __ Subpoena | __ Injunction |
   | **X** Complaint | __ Third Party Complaint | __ Notice of |
   | __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
   | __ Garnishment | __ Default Judgement | __ Other: |

3. **Court of Jurisdiction/**    Alameda County Superior Court
   **Case & Docket Number:** RC 07-336397

4. **Amount Claimed, if any:** Please See Attached

5. **Method of Service (select one):**
   __ Personally served by: __ Process Server    __ Deputy Sheriff    __ U. S Marshall
   **X** Delivered Via:    **X** Certified Mail    __ Regular Mail    __ Facsimile
   (Envelope enclosed)    (Envelope enclosed)
   __ Other (Explain):

6. **Date and Time of Service:** 7/25/2007 4:44:59 PM PST (GMT -8)

7. **Appearance/Answer Date:** 30 Days

8. **Plaintiff's Attorney:**    Mark C. Thomas
   (Name, Address & Telephone Number)    Brownstein Thomas, LLP
   220 Montgomery Street, Suite 876
   San Francisco, CA 94104

9. **Federal Express Airbill #** 790300057141

10. **Call Made to:** VM - MONIQUE B. MARCHETTI

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**    Copies To:

Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brownstein Thomas, LLP<br>─ Mark C. Thomas (SBN 215580)<br>220 Montgomery St., Suite 876<br>San Francisco, CA 94104<br><br>TELEPHONE NO.: 415.951.4878     FAX NO. (Optional): 415.951.4885<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff John Galbraith | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Galbraith

DEFENDANT/RESPONDENT: Barnes Group, Inc., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336397 |
|---|---|

TO (insert name of party being served): Barnes Group, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 7.23.2007

Mark C. Thomas
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

   Notice of Case Management Conference and Order, Notice of Judicial Assignment, ADR
   Information Package, Stamped Return Envelope

**(To be completed by recipient):**

Date this form is signed:

monique B. Marchetti
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---



*5716274*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brownstein Thomas, LLP<br>Mark C. Thomas (SBN 215580)<br>220 Montgomery St., Suite 876<br>San Francisco, CA 94104<br>TELEPHONE NO: 415.951.4878        FAX NO: 415.951.4885<br>ATTORNEY FOR (Name): Plaintiff John Galbraith | FOR COURT USE ONLY<br><br>F I L E D<br>ALAMEDA COUNTY<br><br>JUL 1 9 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By_____<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda County Superior Court
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

| CASE NAME:<br>Galbraith v. Barnes Distribution, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited   ☐ Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>RG 07 - 336397<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3 740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

BY FAX

2  This case ☐ is  ☑ is not  complex under rule 3 400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a ☐ Large number of separately represented parties        d ☐ Large number of witnesses
b ☐ Extensive motion practice raising difficult or novel    e ☐ Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
c ☐ Substantial amount of documentary evidence           f ☐ Substantial postjudgment judicial supervision

3  Remedies sought (check all that apply): a ☑ monetary  b ☑ nonmonetary; declaratory or injunctive relief  c ☑ punitive
4  Number of causes of action (specify): 3
5  This case ☐ is  ☑ is not  a class action suit
6  If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: 7.19.2007
Mark C. Thomas
(TYPE OR PRINT NAME)                              ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal Rules of Court, rule 3 220). Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule
• If this case is complex under rule 3.400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal Rules of Court, rules 2 30, 3 220, 3 400–3 403, 3 740,<br>Cal Standards of Judicial Administration, std 3 10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc<br>www.FormsWorkflow.com |

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Galbraith v. Barnes Group, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus  practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [X] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins  coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

**Unlawful Detainer:** Is the deft. in possession of the property? [ ] Yes [ ] No

**Judicial Review:** Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No

202-19 (5/1/00)

A-13



## Superior Court of California, County of Alameda



## *Notice of Judicial Assignment for All Purposes*

Case Number: RG07336397
Case Title:     Galbraith VS Barnes Group, Inc.
Date of Filing: 07/19/2007


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| Judge: | Steven A. Brick |
| Department: | 139 |
| Address: | Allen E. Broussard Justice Center |
| | 600 Washington Street |
| | Oakland  CA  94607 |
| Phone Number: | (510) 268-2984 |
| Fax Number: | (510) 267-1523 |
| Email Address: | Dept.139@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Steven A. Brick
DEPARTMENT 139

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference.  The Court may refer parties to alternative dispute resolution resources.

(1) Unrepresented litigants must also comply with pertinent rules, cited above. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland. Telephone. (510) 268-7221. (2) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (click on link at the bottom of the home page). (3) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (4) Except when requested in a particular case, chambers copies of filings are not necessary.

## Schedule for Department 139

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Contacts with Dept. 139 should be by email with copies to all counsel after conferring about proposed dates.

- Trials generally are held:  Unless otherwise advised, Mondays through Fridays, 8:30 a.m. to 1:30 p.m. with two morning breaks. A pretrial conference may be scheduled 2 to 3 weeks before trial at 2:00 p.m. on a Friday.

- Case Management Conferences are held:  Mondays through Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may obviate the need for in person conferences. Check the Register of Actions on Domain 3 days in advance.

- Law and Motion matters are heard:  Wednesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 139 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard:  Unless otherwise advised, Mondays and Tuesdays at 3:00 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 3:00 p.m. Email dept 139 to obtain a reservation on these calendars or to specially set a time sensitive emergency matter.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If unsuccessful, Moving party may then email the Court attaching a letter (max 3 pages) outlining the dispute. Opposing party may email a brief response within 24 hours. The Court will advise the parties how the issue will be resolved.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.139@lameda.courts.ca.gov


- Ex Parte Matters
  Email:        Dept.139@lameda.courts.ca.gov


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 139
- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007:  (510) 208-4931
- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007:  (510) 690-2709
- All cases, Tentative Ruling Line after July 1, 2007:  1-866-223-2244

Dated:  07/20/2007                    Executive Officer / Clerk of the Superior Court

                                 By    _Pll Chra_

                                                  Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007

By _____

Deputy Clerk

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

## Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05



# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, tp serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (CRC 1605a(4))
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 1611)
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (CRC 1615b & c)
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

Rev 4/05

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Brownstein Thomas  LLP
Attn:  Thomas, Mark C.
220 Montgomery Street
Suite 876
San Francisco, CA  94104

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Galbraith <br><br> **Plaintiff/Petitioner(s)** <br> VS. <br><br> Barnes Group, Inc. <br> **Defendant/Respondent(s)** <br> (Abbreviated Title) | No. <u>RG07336397</u> <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** <br> Unlimited Jurisdiction |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **12/03/2007** <br> Time: **03:00 PM** | Department: **139** <br> Location: **Allen E. Broussard Justice Center** <br> **Fifth Floor** <br> **600 Washington Street, Oakland  CA  94607** <br><br> Internet: **http://www.alameda.courts.ca.gov** | Judge: **Steven A. Brick** <br> Clerk: **Lynette Rushing** <br> Clerk telephone: **(510) 268-2984** <br> E-mail: <br> **Dept.139@alameda.courts.ca.gov** <br> Fax:  **(510) 267-1523** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007.

By _____

_____
Deputy Clerk

Brownstein Thomas LLP
Attn: Thomas, Mark C.
220 Montgomery Street
Suite 876
San Francisco, CA   94104

## Superior Court of California, County of Alameda

| Galbraith | | No. RG07336397 |
|---|---|---|
| | Plaintiff/Petitioner(s) | **NOTICE OF CASE MANAGEMENT** |
| VS. | | **CONFERENCE AND ORDER** |
| Barnes Group, Inc. | | Unlimited Jurisdiction |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/03/2007 | Department: 139 | Judge: Steven A. Brick |
|---|---|---|
| Time: 03:00 PM | Location: Allen E. Broussard Justice Center | Clerk: Lynette Rushing |
| | **Fifth Floor** | Clerk telephone: (510) 268-2984 |
| | **600 Washington Street, Oakland  CA  94607** | E-mail: |
| | | Dept.139@alameda.courts.ca.gov |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: (510) 267-1523 |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007.

By _____

_____
Deputy Clerk

# EXHIBIT
# B

Steven R. Blackburn, Esq., State Bar No. 154797
Rachel S. Hulst, Esq., State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
Email: sblackburn@ebglaw.com
Email: rhulst@ebglaw.com

Attorneys for Defendant,
BARNES GROUP INC.

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 3 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON · Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

JOHN GALBRAITH,

          Plaintiff,

    v.

BARNES GROUP, INC., a Delaware
corporation, and DOES 1-50,

          Defendant.

CASE NO.  RG 07-336397

**DEFENDANT'S ANSWER TO
PLAINTIFF'S UNVERIFIED
COMPLAINT**

**BY FAX**

Defendant Barnes Group Inc. hereby responds to Plaintiff John Galbraith's Complaint for Damages as follows:

## GENERAL DENIAL

Defendant denies each and every allegation in the unverified Complaint in this action, and submits the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    As a first affirmative defense, Defendant avers that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

2.    As a second affirmative defense, Defendant avers that any acts or omissions to act

1   do not meet the requirements of California Civil Code § 3294 and, accordingly, Plaintiff

2   cannot recover punitive damages.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

3.   As a third affirmative defense, Defendant avers on information and belief that Plaintiff's claim for damages is barred, in whole or in part, because Plaintiff has failed to exercise due diligence in an effort to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

4.   As a fourth affirmative defense, Defendant avers that, upon information and belief, Plaintiff has engaged in wrongful conduct during his employment with Defendant, and that conduct provides independent grounds for Plaintiff's termination.  As a result, Plaintiff's claim for damages should be reduced or eliminated accordingly.

### FIFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

5.   As a fifth affirmative defense, Defendant avers that any and all conduct about which Plaintiff complains and which is attributed to Defendant was undertaken for fair and honest reasons and was regulated by good faith under circumstances existing at all times mentioned in the Complaint and Defendant did not knowingly or intentionally violate any laws.

### SIXTH AFFIRMATIVE DEFENSE

#### (Business Necessity)

6.   As a sixth affirmative defense, Defendant avers that Plaintiff's claims are barred in whole or in part, on the grounds that Defendant's actions as they affected Plaintiff were undertaken for lawful, substantial, and justifiable business reasons.

- 2 -

**SEVENTH AFFIRMATIVE DEFENSE**

**(Business Justification for Policy At Issue)**

7.. As a seventh affirmative defendant, Defendant avers that as to the second cause of action, Plaintiff's claims are barred in whole or in part, on the grounds that it had a legitimate business justification for implementing the policy that allegedly created a disparate impact on its workforce, such that the practice was necessary for the efficient operation of its business.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

8. As an eighth affirmative defense, Defendant avers that Defendant published adequate policies to prevent unlawful discrimination within Defendant's workplace, including internal complaint mechanisms which would lead to prompt, effective remedial action in the event of a verified complaint of discrimination or harassment. Plaintiff was aware of these policies but Plaintiff failed or refused to utilize said complaint procedures, and thus allegedly suffered from harm that could have been avoided.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. As a ninth affirmative defense, Defendant avers that by reason of Plaintiff's own conduct, actions or inaction, he is estopped from asserting the claims set forth in this Complaint and therefore is barred, in whole or in part, from the relief sought therein.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. As a tenth affirmative defense, Defendant avers that the Complaint and each cause of action alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

11. As an eleventh affirmative defense, Defendant avers that Plaintiff has waived any right to assert the claims in the Complaint and is barred, in whole or in part, from any relief sought therein by virtue of his own conduct, actions or inaction.

- 3 -

Defendant's Answer to Complaint
CASE NO. RG 07-336397

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.   As a twelfth affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

13.   As a thirteenth affirmative defense, Defendant avers that Plaintiff lacks standing to assert a Business and Professions Code § 17200 claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

14.   As a fourteenth affirmative defense, Defendant avers that Plaintiff's claims for injunctive relief are barred because an adequate remedy at law is available.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

15.   As a fifteenth affirmative defense, Defendant avers that Plaintiff's claims are barred for failure to exhaust his administrative remedies under applicable statutes.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

16.   As a sixteenth affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§337, 339, and 340; California Government Code § 12960.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

17.   Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant prays that:

1.   Plaintiff take nothing by this action;

- 4 -

1      2.      Defendant be awarded its costs of suit and attorneys' fees herein; and

2      3.      For such other and further relief as the Court deems proper.

4  DATED: August 23, 2007           EPSTEIN BECKER & GREEN, P.C.

By: _____
      Steven R. Blackburn
      Rachel S. Hulst
      Attorneys for Defendant
      BARNES GROUP INC.

- 5 -

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

    **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    Mark C. Thomas                        Attorney for Plaintiff
    Brownstein Thomas LLP
    220 Montgomery Street, Suite 876
    San Francisco, CA 94104

    Tel: (415)951-4878
    Fax: (415)951-4885

5.  a. ☐  **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

       (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

       (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

- 6 -

Defendant's Answer to Complaint
CASE NO. RG 07-336397

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date):* August 23, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 08/23/07 | Virginia Li | |
|----------|-------------|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 7 -

SF:147490v1

Defendant's Answer to Complaint
CASE NO. RG 07-336397

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   Mark C. Thomas                          Attorney for Plaintiff
   Brownstein Thomas LLP
   220 Montgomery Street, Suite 876
   San Francisco, CA 94104

   Tel: (415)951-4878
   Fax: (415)951-4885

5. a. ☐  **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

      (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

   c. ☐  **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 4 -

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* August 24, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 08/24/07 | Virginia Li | |
|----------|-------------|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

SF:147354v1                                    Notice of Removal of Action 28 U.S.C. § 1441 (Diversity)