Steven R. Blackburn, Esq., State Bar No. 154797
Rachel S. Hulst, Esq., State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:    415.398.0955
E-mail:       sblackburn@ebglaw.com
E-mail:       rhulst@ebglaw.com

Attorneys for Defendant,
BARNES GROUP INC.


Mark C. Thomas, Esq., State Bar No. 215580
Brownstein Thomas LLP
220 Montgomery Street, Suite 876
San Francisco, CA 94104
Tel: (415)951-4878
Fax: (415)951-4885
E-mail: mark@brownsteinthomas.com

Attorneys for Plaintiff,
JOHN GALBRAITH.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN GALBRAITH,<br><br>Plaintiff,<br><br>v.<br><br>BARNES GROUP, INC., a Delaware corporation, and DOES 1-50,<br><br>Defendants. | CASE NO. C 07-04376 WHA<br><br>**E-Filing**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Court's Order Setting the Initial Case Management Conference and ADR Deadlines, the Standing Order for All Judges of the Northern District of California, this Court's Local Rules, and the Federal Rules of Civil Procedures, Plaintiff John Galbraith and Defendant Barnes Group Inc. ("Barnes") jointly submit this case management statement and proposed order

1   and request the Court to adopt it as its case management order in this case.  The parties have met

2   and conferred regarding this statement and submit it jointly, except as noted below.

3                                **DESCRIPTION OF THE CASE**

4   **1.    Jurisdiction and Service**

5          All parties to the litigation have been served and appeared.  There are no additional

6   parties to be joined and neither party is aware of any new parties that are expected to be added or

7   existing parties that are expected to be deleted.

8          The Court has subject matter jurisdiction over this case on the basis of diversity of the

9   parties.  Barnes removed the case to Federal Court on diversity grounds.

10  **2.    Facts**

11         **(a)    Plaintiff's description of the events of this action:**

12         John Galbraith worked for Defendant from 1986 until he was terminated in July of 2006.

13  Throughout his employment, Mr. Galbraith was one of Defendant's top Sales Representatives.

14  Despite Mr. Galbraith's long demonstrated record of performance, he was terminated.

15  Defendant's proffered reasons for Mr. Galbraith's termination are nothing more than a pretext to

16  terminate Mr. Galbraith because of his age in violation of the California Fair Employment and

17  Housing Act.

18         Additionally, in 2004, Defendant changed its compensation structure for new employees.

19  Under the previous compensation plan, Sales Representatives were paid solely on commissions.

20  Barnes Group changed the compensation plan to pay new Sale Representatives on a salary basis

21  with an opportunity to earn a bonus.  Sales Representatives paid on the new salary compensation

22  plan earned less that Sales Representatives who were on commission compensation plan.  To

23  reduce costs, the Defendant adopted a practice and policy of terminating employees who were on

24  the previous commission plan.  This practice and policy had a disproportionate impact on older

25  workers in violation of the California Fair Employment and Housing Act.

26         **(b)    Defendant's description of the events of this action:**

27         This case arises out of Plaintiff's employment with Defendant Barnes in the position of

28  Customer Sales Representative, selling industrial parts for his assigned territory.  Barnes denies

                                        - 2 -

Mr. Galbraith's assertion that he was a victim of age discrimination and will prove that. Plaintiff was terminated for gross misconduct and violation of the Barnes' Code of Conduct. On at least two occasions, Mr. Galbraith admitted that he was buying Barnes' product at a low price and re-selling it for his own personal profit. Additionally, Mr. Galbraith also entered into a business relationship with one of the Company's direct competitors in an apparent effort to reap more of the same benefits. These actions violated various Company policies, including but not limited to: (1) the Company's general rules of ethics in sales; (2) the Company's policy prohibiting Sales Representatives from making any payments "to realize higher or lower prices or obtain any other favorable action when dealing with customers"; (3) the Company's policy requiring Sales Representatives to maintain accurate company records that do not "intentionally conceal the true nature of any Company transaction"; and (4) the Company's policy prohibiting Barnes employees from entering into any agreements with competitors relating to pricing and customers. After Barnes first discovered that Mr. Galbraith was not following certain Company procedures, he was warned about his behavior. Despite this warning, he continued to participate in his various sales schemes that were contrary to Barnes' business interests. The Company was left with no choice but to terminate his employment.

    **(c)**    **The principal factual issues which the parties dispute:**

        (1)    Whether Barnes terminated Plaintiff's employment because of his age;

        (2)    Whether Barnes had a practice and/or policy of terminating employees who were on the commission plan and whether such practice and/or policy had a disproportionate impact on older workers;

        (3)    Whether Plaintiff suffered emotional and physical distress as a result of Barnes's alleged conduct;

        (4)    The scope, nature and extent of Plaintiff's economic and other damages resulting from the termination of Plaintiff's employment.

3.    **The principal legal issues which the parties dispute:**

(a)    Whether Barnes discriminated against Plaintiff because of his age in violation of the California Fair Employment and Housing Act;

(b)    Whether Barnes adopted a policy and/or practice of terminating employees based on their compensation which had a disparate impact on employees over forty (40) in violation of the California Fair Employment and Housing Act;

(c)    Whether an officer, director or managing agent of Barnes acted with malice, oppression or fraud toward Plaintiff, entitling him to an award of punitive damages.

4.    **Motions**

There are no pending motions in this case. However, Defendant anticipates filing a motion for summary judgment. Defendant proposes 90 days before trial as the deadline for filing dispositive motions.

5.    **Amendments of Pleadings**

No amendments are anticipated prior to discovery.

6.    **Evidence Preservation**

The parties have complied with the evidence preservation requirements.

7.    **Disclosures**

The parties will make all disclosures as required by the Judge's Order Setting the Initial Case Management Conference and ADR deadlines by November 26, 2007.

8.    **Discovery**

**Plaintiff Proposes:**

No discovery has taken place. Plaintiff proposes to conduct discovery in accord with the Local Rules and the Federal Rules of Civil Procedure. Plaintiff does not propose any limitations or modifications of the discovery rules.

Plaintiff proposes to, within 90 days, propound an initial set of interrogatories, requests for admission and document requests, and conduct a Rule 30(b)(6) deposition(s). The responses

- 4 -

1  and information gleaned from Defendant's initial disclosure and the above-described discovery

2  will inform the nature of additional discovery required.

3  **Defendant Proposes:**

4  The parties have not engaged in discovery proceedings or any other case proceedings

5  prior to the date of this order.  No formal discovery has yet been initiated by either party.

6  Defendant proposes the following discovery plan:  to make initial document request and to

7  propound interrogatories in the next 2-3 months, or, before February 29, 2008; to notice and take

8  percipient witness depositions within the next 6-7 months, or, before June 16, 2008; to serve

9  additional paper discovery and take any additional percipient witness depositions within the next

10  8-9 months, or, before September 30, 2008; to conduct expert discovery as indicated below.

11  **(a)    Factual Discovery**

12  Each party shall take, as necessary, up to 10 depositions, provided that, if more

13  depositions are necessary, the party seeking any additional depositions would obtain leave of

14  court, pursuant to FRCivP 30(a)(2) and consistent with the principles stated in FRCivP 26(b)(2).

15  No party may serve more than 25 interrogatories on any other party, pursuant to the Federal

16  Rules of Civil Procedure.

17  **(b)    Expert Discovery**

18  The parties propose 80 days before trial as the deadline for designating any expert

19  witnesses and 60 days before trial for designating any rebuttal expert witnesses.  The parties

20  propose 30 days before trial as the deadline for completing expert discovery.

21  **9.    Class Actions**

22  Not applicable.

23  **10.    Related Cases**

24  Not applicable.

25  **11.    Relief**

26  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.  Plaintiff

27  also seeks to recover his reasonable attorney's fees.  Plaintiff has not found comparable

28  employment after he was terminated.  His lost wages to date are approximately $130,000

- 5 -

1   Barnes contends that Plaintiff is not entitled to any recovery or relief.

2   **12.    Settlement and ADR**

3   This matter has been ordered to Early Neutral Evaluation that will be completed on or

4   before February 8, 2008.

5   **13.    Consent to Magistrate Judge for All Purposes**

6   At this time, the parties do not consent to assignment of the case to a United States

7   Magistrate Judge for trial.

8   **14.    Other References**

9   Not applicable.

10  **15.    Narrowing of the Issues**

11  Unknown at this time.  The parties reserve the right to bring suitable recommendations to

12  narrow the issues to the Court's attention at a later time.

13  **16.    Expedited Schedule**

14  Not applicable.

15  **17.    Scheduling**

16  **<u>Plaintiff proposes the following Schedule:</u>**

17  Non-expert discovery to be closed on September 30, 2007

18  Parties to designate experts and exchange expert reports by August 31, 2007.

19  Parties to designate rebuttal experts and exchange their reports by September 30, 2007.

20  Expert Discovery to be closed on October 31, 2007.

21  Dispositive motions to be filed by September 30, 2007

22  Trial December 2008

23  **<u>Defendant proposes the following Schedule:</u>**

24  Dispositive motions:  hearing 90 days before trial

25  Discovery cutoff:  60 days before trial

26  Expert designation:  80 days before trial

27  Rebuttal expert designation:  60 days before trial

28  Expert discovery cutoff:  30 days before trial

- 6 -

1    Pretrial conference:  30 days before trial

2    Trial:  March 2009

3    **18.    Trial**

4    A jury trial has been demanded by Plaintiff's counsel.  The parties anticipate the trial to

5    last 5-7 days.

6    **19.    Disclosure of Non-party Interested Entities or Persons**

7    Plaintiff filed his certification of non-interested entities or persons.

8    Barnes has previously filed a Certification of Interested Entities or Persons.  Barnes

9    hereby reiterates the information in that certification:  Chubb Group of Insurance Companies has

10   an interest in the subject controversy and could be substantially affected by the outcome of this

11   proceeding.  In its certification, Barnes also noted that while it has no parent corporations, in an

12   abundance of caution, it did attach a Form 10-k that lists Barnes' significant subsidiaries, as

13   defined by the Securities and Exchange Commission.

14   **20.    Other Matters**

15   None.

16   DATED:  November 26, 2007              BROWNSTEIN THOMAS, LLP.

17

18                                         By:
19                                              Mark C. Thomas, Esq.
                                                Attorneys for Plaintiff
20                                              JOHN GALBRAITH

21   DATED:  November 26, 2007              EPSTEIN BECKER & GREEN, P.C.

22

23                                         By:
                                                Steven R. Blackburn, Esq.
24                                              Rachel S. Hulst, Esq.
                                                Attorneys for Defendant
25                                              BARNES GROUP INC.

26

27

28

Joint Case Management Conference Statement
Case No. 07-04376 WHA

1

**CASE MANAGEMENT ORDER**

2      The Case Management Statement and Proposed Order is hereby adopted by the Court as

3  the Case Management Order for the case and the parties are ordered to comply with this Order.

4  In addition the Court orders:

5

6

7  DATED: _____          _____

8                                           WILLIAM H. ALSUP
                                            UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -